**DEREK D. GREEN, OSB #042960**
derekgreen@dwt.com
**ASHLEE M. AGUIAR, OSB #171940**
ashleeaguiar@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

    Attorneys for Plaintiff
    Wellmade Floor Coverings International, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WELLMADE FLOOR COVERINGS INTERNATIONAL, INC.,** an Oregon Corporation,<br><br>    **PLAINTIFF**,<br><br>v.<br><br>**B.R. FUNSTEN & CO.,**<br><br>    **DEFENDANT**. | Case No. 3:19-cv-00158-JR<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Wellmade Floor Coverings International, Inc. ("Wellmade" or "Plaintiff") alleges:

    1.    Wellmade is a domestic business corporation organized under the laws of the State of Oregon.  Wellmade is in the business of manufacturing and supplying flooring and related materials.

    2.    Defendant B.R. Funsten & Co. ("B.R. Funsten" or "Defendant") is a foreign business corporation organized under the laws of the State of California.  B.R. Funsten is in the business of selling flooring and related products on a wholesale basis.

Page 1 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

3.      B.R. Funsten is not authorized by the State of Oregon to transact business in Oregon.  However, B.R. Funsten transacts business in Oregon and, as described below, agreed and consented to this Court's jurisdiction in the contract at issue.

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the parties to the action are citizens of different states.

5.      On or about June 13, 2012, Wellmade and B.R. Funsten executed a distribution agreement (the "Agreement").  The Agreement provided for an initial term of two years, with automatic annual renewals.

6.      Pursuant to the Agreement, B.R. Funsten received the right to market, sell, and distribute Wellmade's flooring products (the "Products").

7.      Under the Agreement, all payments owed to Wellmade are due within 30 days from the date of invoicing by Wellmade.  Wellmade is also entitled to apply an interest rate of 1.5% monthly or the highest rate permitted by law on all past due, undisputed invoices until the balance is paid in full.

8.      Under the Agreement, the parties agreed and consented to the exclusive jurisdiction and venue of the state or federal courts within the State of Oregon for any dispute among the parties.

9.      The parties further agreed to a dispute resolution procedure in the Agreement. Despite demand by Wellmade, B.R. Funsten refused to engage in the dispute resolution procedure.

10.     Plaintiff has performed all conditions, covenants, and obligations required of it under the Agreement.

Page 2 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### B.R. Funsten's failure to pay invoices

11.    Beginning on or around April 1, 2017, B.R. Funsten stopped paying the full amounts due to Wellmade for Products purchased and delivered pursuant to the Agreement, and invoiced in accordance with the Agreement.

12.    Since January 4, 2018, the outstanding, unpaid amount due on the invoices is $139,030.50 plus interest.

13.    Despite Wellmade's demands to B.R. Funsten for payment for the purchased Products, B.R. Funsten has failed to pay the balance due.

### B.R. Funsten's failure to comply with its marketing and sales obligations

14.    B.R. Funsten agreed to use all commercially reasonable efforts to vigorously sell and promote the wholesale sale of the Products in its allocated territory.

15.    In 2017, B.R. Funsten's purchases of Products from Wellmade significantly declined.  Upon inquiry from Wellmade, B.R. Funsten assured Wellmade that it was continuing to sell Wellmade products in the regular course and was eager to work with Wellmade on new sales.

16.    However, on information and belief, B.R. Funsten drastically reduced its sales and marketing efforts of Wellmade products during this time period, precipitated by B.R. Funsten's undisclosed decision to promote and emphasize the sales of competing products.

17.    B.R. Funsten's failure, from January 1, 2017 through the termination of the Agreement on July 16, 2018, to use all commercially reasonable efforts to vigorously sell and promote the wholesale sale of Wellmade's Products constitutes a breach of the Agreement.

18.    B.R. Funsten's failure to use all commercially reasonable efforts to vigorously promote and sell Wellmade's Products caused Wellmade lost sales, resulting in damages in the amount of $420,000.00.

Page 3 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Recovery of Fees & Expenses**

19. The Agreement provides for the prevailing party in any dispute to recover its expenses, including reasonable attorney fees, incurred in enforcing its rights under the Agreement.

20. In addition, B.R. Funsten separately agreed as a condition of obtaining credit from Wellmade that it would pay Wellmade's costs and expenses, including legal expenses, incurred to collect amounts owed by B.R. Funsten.

## CLAIMS FOR RELIEF

**(Count 1: Breach of Contract – Payment for Invoiced Goods)**

21. Wellmade repeats and realleges the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. Wellmade and B.R. Funsten entered into the Agreement.

23. B.R. Funsten committed a material breach of the Agreement by failing to make required payments on invoices.

24. All conditions precedent to Wellmade's right to receive payment under the terms of the Agreement have been satisfied in full or otherwise waived.

25. B.R. Funsten's failure to make payments under the Agreement has caused Wellmade to suffer damages.

26. B.R. Funsten owes Wellmade $139,030.50, plus interest at the referenced contractually agreed upon rate from the date due until fully paid.

27. Wellmade is also entitled to recover its expenses, including reasonable attorney fees, which it has and will continue to incur in enforcing its contractual rights.

**(Count 2: Action on Account)**

28. Wellmade repeats and realleges the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

29. The Agreement between Wellmade and B.R. Funsten is a valid contract.

Page 4 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

30. B.R. Funsten owes Wellmade $139,030.50 for Products sold by Wellmade to B.R. Funsten and invoiced between April 2017 and January 2018 in accordance with the Agreement.

31. Despite demand for payment, B.R. Funsten has not paid the above sum.

32. B.R. Funsten is also liable for unpaid interest, which is accruing at the referenced contractually agreed rate from the date due until fully paid.

33. Wellmade is also entitled to recover its expenses, including reasonable attorney fees, which it has and will continue to incur in enforcing its contractual rights.

34. The amounts outstanding are correct under the terms of the Agreement.

**(Count 3: Breach of Contract – Sales & Marketing Obligations)**

35. Wellmade repeats and realleges the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

36. B.R. Funsten committed a material breach of the Agreement by failing to use commercially reasonable efforts to vigorously sell and promote the wholesale sale of the Products.

37. All conditions precedent to Wellmade's right to receive performance under the terms of the Agreement have been satisfied in full or otherwise waived.

38. B.R. Funsten's failure to use commercially reasonable efforts to sell and promote the Products under the Agreement has caused Wellmade to suffer damages in the amount of $420,000.00.

39. Wellmade is also entitled to recover its expenses, including attorney fees, which it has and will continue to incur in enforcing its contractual rights.

WHEREFORE, Wellmade prays for relief as follows:

A. On Wellmade's First and Second Counts, for a monetary judgment in the amount of:

Page 5 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1) The sum of unpaid invoices of $139,030.50; plus

2) Prejudgment interest accruing on the unpaid invoices from the date due until the judgment is entered; plus

3) Wellmade's expenses, including attorney fees and costs, in bringing this action.

B. On Wellmade's Third Count, for a monetary judgment in the amount of:

1) The sum of $420,000.00 in damages, plus

2) Wellmade's expenses, including attorney fees and costs, in bringing this action.

C. The total of the above sums to bear interest from the date judgment is entered in this action until paid in full.

D. For such other relief as the Court finds just and equitable.

DATED this 8th day of March, 2019.

**DAVIS WRIGHT TREMAINE LLP**

By s/ Derek D. Green
Derek D. Green, OSB #042960
Ashlee M. Aguiar, OSB #171940
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
derekgreen@dwt.com
ashleeaguiar@dwt.com

Attorneys for Plaintiff
Wellmade Floor Coverings International, Inc.

Page 6 – FIRST AMENDED COMPLAINT

4837-2256-8841v.3 0061985-000022

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax